IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MISTY DAWN ROGERS                                                                    PLAINTIFF

v.                              Civil No. 3:14-cv -3086-MEF

CAROLYN COLVIN, Commissioner
Social Security Administration                                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Misty Rogers, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382.  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for SSI on April 25, 2012, alleging an onset date of June 1, 2010[1], due to chronic obstructive pulmonary disease ("COPD"), asthma, hearing loss, vertigo, chronic back pain, depression, memory loss, sleep problems, and osteoarthritis.  Tr. 9, 61, 115-122, 150, 165-166, 193-194.  The Commissioner denied Plaintiff's applications initially and on reconsideration.  Tr. 66-76.  An Administrative Law Judge ("ALJ") held an administrative hearing on July 16, 2013.  Tr. 24-60.  Plaintiff was present and represented by counsel.

---

[1] The Plaintiff has filed numerous prior applications for benefits.  Tr. 124.  Her most recent application became final on May 4, 2010, when this court affirmed the ALJ's denial of benefits.  *Rogers v. Astrue*, No. 3:10-cv-3097-JRM, 2012 WL 715854 (W.D. Ark. Harrison Div. March 6, 2012) (unpublished).

At the time of the hearing, the Plaintiff was 40 years old and possessed a high school education and certification as a certified nurse aide ("CNA"). Tr. 28-29, 115, 151, 157-164. She had past relevant work ("PRW") experience as a CNA and leather goods assembler. Tr. 17, 31-32.

On August 25, 2012, the ALJ found Plaintiff's chronic low back pain, chronic left shoulder pain, moderate bilateral sensorineural hearing loss, vertigo of the inner ear, asthma, and depression to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-13. After partially discrediting Plaintiff's subjective complaints, the ALJ determined she retained the residual functional capacity ("RFC") to perform light work except: "work must be in a controlled environment with no temperature extremes, fumes, or smoke; the claimant has a bilateral hearing loss, but can understand conversation; [and,] the claimant requires simple tasks and simple instructions." Tr. 13. With the assistance of a vocational expert, he found the Plaintiff could perform her PRW as a leather goods assembler. Tr. 17.

The Appeals Council denied the Plaintiff's request for review on August 6, 2014. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. ECF No. 6. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

## II.   **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm

the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. 20 C.F.R. § 416.920(a)(4). Only if he reaches the

final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. 20 C.F.R. § 416.920(a)(4)(v).

**III.    Discussion:**

After reviewing the record, the undersigned has determined that there is not substantial evidence to support the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 416.945. A disability claimant has the burden of establishing his or her RFC. *Vossen,* 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The Plaintiff suffers from chronic lower back pain and chronic left shoulder pain, for which she has sought out consistent treatment. The medical records covering the relevant time period are somewhat scant. However, exams have documented both range of motion deficits and tenderness in these areas. Although there is no medical source statement completed by the Plaintiff's treating doctor, the record does contain two RFC assessments. In June 2012, Dr. Shannon Brownfield conducted a general physical examination of the Plaintiff at the Agency's

4

request. Tr. 266-270. The examination revealed a limited range of motion in the left shoulder and lumbar spine, as well as pain with motion in the cervical spine. Dr. Brownfield found she would have moderate limitations with stooping/lifting, prolonged positioning, and exertion, as well as moderate to severe limitations resulting from her hearing loss.

On July 9, 2012, Dr. David Neale completed a physical RFC assessment. Tr. 274-281. After reviewing her medical records, he concluded the Plaintiff could perform medium work with only occasional reaching overhead with the left upper extremity and no work requiring excellent hearing. Dr. Bill Payne affirmed this assessment on October 26, 2012. Tr. 306-310.

After reviewing this evidence, the ALJ concluded that the Plaintiff could perform a full range of light work with environmental, mental, and auditory limitations. He imposed no manipulative limitations because he found her capable of performing light housework. However, our review of the record reveals that the Plaintiff does very little housework[2] and has reported no activities that would imply an ability to use her left shoulder for reaching or overhead tasks.

Further, in spite of finding the Plaintiff's vertigo severe, the ALJ made no account for it in the RFC assessment. Instead, he determined this would result in no limitations because the Plaintiff did not take medication to treat it. Unfortunately, the evidence reveals that the Plaintiff suffers from a lack of vestibular input and abnormal vestibule-ocular response, making her unsteady on her feet. Tr. 402. This impairment has resulted in difficulty walking in the dark and on uneven surfaces and imbalance when bending over or turning quickly. Tr. 305, 505. Because the performance of a full range of light work requires the ability to bend, we find that the ALJ's failure to include this limitation in the RFC assessment requires remand. *See* Social Security

---

[2] The Plaintiff and her husband reported that her household chores were limited to wiping off the counters, washing a single dish after using it, and putting clothes into the washer or dryer. Tr. 140-147, 167-174, 174-184, 195-202, 233-254. Her teenage children and husband performed the majority of these household tasks.

Ruling 83-14, 1983 WL 31254 * 4 (1983) (the full range of light work includes the ability to at least "occasionally" bend or stoop).

The ALJ's failure to clarify Dr. Brownfield's assessment of moderate and moderate to severe limitations also requires remand, as his assessment is integral to the Plaintiff's case. *See Jones v. Astrue*, 619 F.3d 963, (8th Cir. 2010) (noting regulations provide treating physicians or psychologists will be recontacted by the Commissioner when the medical evidence received from them is inadequate to determine a claimant's disability). Therefore, on remand, the ALJ is directed to recontact Dr. Brownfield and obtain clarification of his opinion. For the sake of completeness, the ALJ should also request an RFC assessment from the Plaintiff's treating physician/physician's assistant.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of October, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE